IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILBERT JAMES VEASEY, JR, ) | |
|     ID # 44133-177, ) | |
|         Movant, ) | |
| ) | No. 3:21-CV-1007-L-BH |
| vs. ) | No. 3:12-CR-54-L(3) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 3, 2021 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DISMISSED** without prejudice.

**I.     BACKGROUND**

On September 6, 2012, Wilbert James Veasey, Jr. (Movant), a current inmate in the federal prison system, was charged by superseding indictment with conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349 (Count One); and three counts of healthcare fraud in violation of 18 U.S.C. §§ 1347 and 2 (Counts Two through Four). (*See* doc. 131 at 10, 21-22.)[2] On April 13, 2016, a jury found him guilty of Counts One through Four. (*See* doc. 801 at 4.) By judgment dated June 14, 2017, he was sentenced to 120 months' imprisonment on Count One, and 90 months' imprisonment on Counts Two, Three, and Four, to run concurrently with one another and consecutively to his sentence on Count One, for a total aggregate sentence of 210 months'

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:12-CR-54-L(3). Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

imprisonment, to be followed by a two-year term of supervised release. (*See* doc. 958 at 1-3.) He was also ordered to pay $23,630,777.26 in restitution, jointly and severally with his co-defendants, and a $400 special assessment. (*See id.* at 5-6.) The judgment was affirmed on direct appeal by the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) on January 28, 2021. *See United States v. Veasey*, 843 F. App'x 555 (2021). On March 30, 2021, Movant filed a petition for a writ of certiorari in the Supreme Court of the United States (Supreme Court), which is currently pending. *See Veasey v. United States*, No. 20-7755 (Mar. 30, 2021).

## II.   SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that a "collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

"It is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)). Motions to vacate under § 2255 are therefore "not entitled to consideration on the merits" when an appeal of the challenged conviction and sentence remains pending. *Jones* 453 F.2d at 352. This is because "the disposition of the appeal may render the [§ 2255] motion moot." *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (quoting *Welsh v. United States,* 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds by United States v. Ortega,* 859 F.2d 327, 334 (5th Cir. 1988)); *see also Jackson v. Warden*, No. 15-CV-1179, 2015 WL 4395285, at *2 (W.D. La. July 16, 2015) ("'A district court

should not entertain a habeas corpus petition while there is an appeal pending in [the appellate court] or in the Supreme Court.'") (quoting *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987), *cert. denied*, 503 U.S. 975 (1992)).

Here, after the Fifth Circuit affirmed his conviction and sentence on direct review, Movant appealed the Fifth Circuit's decision to the Supreme Court, and it has not decided his certiorari petition. His conviction and sentence are therefore not yet final. *See, e.g.*, *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (recognizing that "[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). Accordingly, because Movant's conviction and sentence are not yet final, his § 2255 motion is not ripe and should be dismissed without prejudice to re-filing once his conviction and sentence become final.

### III.   RECOMMENDATION

The movant's *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 3, 2021 (doc. 2), should be **DISMISSED** without prejudice.

**SIGNED this 6th day of May, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE