IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILBERT JAMES VEASEY, JR, ) | |
| ID # 44133-177, ) | |
| Movant, ) | |
| ) | No. 3:21-CV-1007-L-BH |
| vs. ) | No. 3:12-CR-54-L(3) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Pursuant Rule 12 of Rules Governing Section 2255 Proceedings Motion Under Federal Rules of Civil Procedure, Rule 59(e) for the Reconsideration of the June 25, 2021 Order from US District Judge Sam A. Lindsay* (doc. 8), received on July 6, 2021. Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

Wilbert James Veasey, Jr. (Movant) filed a federal habeas petition under 28 U.S.C. § 2255 that was received on May 3, 2021. (*See* doc. 2.) On May 6, 2021, it was recommended that the § 2255 motion be dismissed without prejudice because Movant's conviction and sentence were not yet final. (*See* doc. 4.) The recommendation was accepted, the § 2255 motion was dismissed without prejudice, and judgment was entered on June 25, 2021. (*See* docs. 6, 7.) Movant now seeks reconsideration of the final judgment on grounds that he resubmitted his § 2255 motion on May 25, 2021, after his conviction and sentence became final. (*See* doc. 8 at 2-3.)

### II. FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Movant seeks Rule 59(e) relief on the grounds that he resubmitted his § 2255 motion on May 25, 2021, after the Supreme Court denied his petition for a writ of certiorari.[2] (*See* doc. 8 at 2-3.) In correspondence dated May 25, 2021, Movant noted that a copy of the docket sheet was not included in response to his prior request, and stated, "Please file the Motion 28 USC § 2255 and return copy as receipt." (doc. 5 at 1.) Movant failed to include a § 2255 motion for filing with the correspondence, however, and no § 2255 motion was subsequently received from Movant.

Because Movant did not file or resubmit a § 2255 motion as argued in his Rule 59(e) motion, and because he has not shown the availability of new evidence not previously available, or a manifest error of law or fact, he has not shown that he is entitled to relief under Rule 59(e). Moreover, dismissal of his original § 2255 motion was without prejudice to filing a new § 2255 motion once his conviction became final was recommended, and there is no fee for filing a new case. Filing a new motion also affords Movant an opportunity to add any other claims he would

---

[2] Movant expressly agrees that his § 2255 motion, received on May 3, 2021, was premature. (*See* doc. 8 at 2-3.)

like to assert. The Clerk of Court will be directed to provide him a copy of his original filing for his use.

### III. RECOMMENDATION

The *Pursuant Rule 12 of Rules Governing Section 2255 Proceedings Motion Under Federal Rules of Civil Procedure, Rule 59(e) for the Reconsideration of the June 25, 2021 Order from US District Judge Sam A. Lindsay*, received on July 6, 2021, should be **DENIED**.

The Clerk of the Court is **DIRECTED** to mail Movant a copy of his original § 2255 motion, as well as a blank copy of the standard form for cases filed under 28 U.S.C. § 2255.

**SIGNED this 9th day of July, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE