IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILBERT JAMES VEASEY, JR, )<br>ID # 44133-177, )<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | <br><br><br>No. 3:21-CV-1007-L-BH<br>No. 3:12-CR-54-L(3)<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Pursuant Rule 12 of Rules Governing Section 2255 Proceedings Motion Under Federal Rules of Civil Procedure, Rule 59(e) for the Reconsideration of the June 25, 2021 Order from US District Judge Sam A. Lindsay* (doc. 8), received on July 6, 2021.

Wilbert James Veasey, Jr. (Movant) filed a federal habeas petition under 28 U.S.C. § 2255 that was received on May 3, 2021. (*See* doc. 2.) On May 6, 2021, it was recommended that the § 2255 motion be dismissed without prejudice because Movant's conviction and sentence were not yet final. (*See* doc. 4.) The recommendation was accepted, the § 2255 motion was dismissed without prejudice, and judgment was entered on June 25, 2021. (*See* docs. 6, 7.) Movant sought reconsideration of the final judgment on grounds that he resubmitted his § 2255 motion on May 25, 2021, after the Supreme Court denied his petition for a writ of certiorari and his conviction and sentence became final. (*See* doc. 8 at 2-3.)

On July 9, 2021, it was recommended that the motion be denied, primarily because the docket reflected no new § 2255 motion. (*See* doc. 9.) After Movant again asserted that he had

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

previously submitted a § 2255 motion (*see* doc. 10), the Clerk's Office was asked to confirm that no motion had been submitted. On July 21, 2021, the Clerk's Office advised that Movant had indeed submitted a § 2255 motion dated May 25, 2021, which did not appear on the docket, and it docketed the filing and updated the docket to reflect its submission. (*See* doc. 5-1.) Because Movant did file a § 2255 motion dated May 25, 2021, the findings, conclusions, and recommendation dated July 9, 2021 (doc. 9) were vacated. (*See* doc. 13.) Rather than recommend reopening this prematurely-filed and closed case, the movant's May 25, 2021 motion was ordered opened as a new action under 28 U.S.C. § 2255. (*See id.*)

Because a new § 2255 habeas action has now been ordered opened, and Movant's § 2255 motion dated May 25, 2021 will proceed in that new habeas case, his Rule 59(e) motion in this case should be **DENIED AS MOOT**.

**SIGNED this 23rd day of July, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE