IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILBERT JAMES VEASEY, JR.,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-1007-L-BH** |
| | § | Criminal No. 3:12-CR-54-L-3 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Petitioner's Motion for Reconsideration Under Federal Rule of Civil Procedure 59(e) (Doc. 8), filed July 6, 2021, and his Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 11), filed July 19, 2021.  On July 23, 2021, and August 3, 2021, the Findings, Conclusions and Recommendations of the United States Magistrate Judge ("Reports") (Docs. 15, 17) were entered, recommending that the court: (1) deny as moot Petitioner's Motion for Reconsideration in light of the new habeas action that was opened to address Petitioner's May 25, 2021 motion pursuant to 28 U.S.C. § 2255; and (2) deny Petitioner's Motion for Leave to Proceed In Forma Pauperis on Appeal because his appeal is not taken in good faith.  No objections to the Reports were docketed as of the date of this order, and the deadline for filing objections has expired.

Having considered Petitioner's motions, the file, record in this case, and Reports, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, for the reasons recommended by the magistrate judge, the court **denies** Petitioner's Motion for Reconsideration Under Federal Rule of Civil Procedure 59(e) (Doc. 8); and **denies** his Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 11).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[1][*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Reports filed in this case. In the event that Petitioner files another notice of appeal,[2] he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 4th day of October, 2021.

Sam A. Lindsay
United States District Judge

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

[2] Petitioner's prior appeal was dismissed by the Fifth Circuit on September 2, 2021, for want of jurisdiction. *See* Docs. 10, 18.

**Order – Page 2**